[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Statewide Grievance Committee filed a presentment in accordance with Practice Book 31 charging attorney misconduct against the respondent, attorney William C. Bieluch, Jr., who was admitted to the bar of this state in 1974 and practices law in Darien. The amended presentment alleges: (1) that the respondent was appointed as executor of the Estate of Thomas B. Sorensen, late of Cromwell, by the Middletown Probate Court in 1985; (2) that in February of 1990, with the estate still unsettled, the probate court appointed an auditor, Owen W. Bregman, to audit the accounts of the estate and the respondent failed to turn over records of the estate or cooperate with the auditor; (3) that in September of 1990, the respondent was removed as executor by the probate court[1] and was ordered to turn over all assets and records of the estate to Phyllis C. Angilette, who was appointed successor executrix in paragraph seven of the decedent's will,[2] and that the respondent failed to comply with the order in a timely fashion; (4) that the respondent paid himself approximately $52,000 in legal and executor's fees; and (5) that the respondent made an unsecured loan of the estate's funds to a John Stuart in the amount of $15,000 without authorization from the probate court.
The plaintiff contends that the respondent's conduct in failing to turn over the records and assets of the estate to his successor executrix in a timely manner and failing to justify his fees to her, violated Rule of Professional Conduct 1.15. The plaintiff also claims that the respondent violated Rule 8.4 by making an unsecured and unapproved loan to Stuart, by paying himself legal and fiduciary fees in an improper manner, and by failing to cooperate with the auditor appointed by the court.[3]
This court conducted an evidentiary hearing of these charges during which, among others, the respondent and auditor testified, and approximately twelve exhibits were admitted. The evidence indicates that the allegations contained in the plaintiff's presentment were accurate in the following respects: (1) that the decedent's gross estate for federal tax purposes was CT Page 2 approximately $1,500,000, of which approximately $963,000 consisted of insurance proceeds, and that respondent paid himself approximately $46,000 in legal and fiduciary fees without providing any kind of justification thereof to his successor fiduciary despite requests to do so; (2) that the respondent made a loan of $15,000 to Stuart in November of 1989 without approval of the court and caused Stuart to sign a promissory note for $15,000 indicating that the loan was "secured by a Mortgage dated November 10, 1989" when the respondent knew that the loan was unsecured, (3) that the respondent never initiated a civil suit against Stuart in an attempt to collect the unpaid loan; (4) that the respondent failed to cooperate with the court-appointed auditor and failed to turn over records of the estate despite a probate court order to that effect, as a result of which the auditor was never able to perform the audit as directed by the probate court:[4] (5) that the respondent on occasion paid his own fees by drawing checks payable directly to several banks and then receiving a credit to his own account; and (6) that in January of 1992, respondent signed a promissory note in favor of the estate for $34,000 in order to reimburse the estate for the Stuart loan totaling $15,000 and excessive fees totaling $19,000, but paid only $1,000 on account thereof and had the remainder discharged by reason of his personal bankruptcy in March of 1992.
The respondent argues that he is not guilty of attorney misconduct for several reasons, including that he was not required to obtain probate court approval in order to make the loan to Stuart.[5] Respondent also contends that the successor fiduciary, Angilette, was not his client and that he had no obligation to justify his fees to her. Although he admits a "negligent avoidance of an obligation placed upon [him] by the probate court," respondent claims that he was negligent only in his capacity as a fiduciary, not as an attorney.
"[I]n a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the Code of Professional Responsibility is clear and convincing evidence . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." (internal quotation marks and citations omitted.) Weiss v. Statewide Grievance Committee, 227 Conn. 802,812, ___ A.2d ___ (1993)[6] It is evident that the plaintiff's allegations in the presentment are supported by clear and convincing evidence and that plaintiff's contention of attorney misconduct follows legally and logically from the findings of fact. The respondent effectively ignored a probate court order to assist the court-appointed auditor by failing to return his telephone calls and provide the auditor with the documents requested. The respondent loaned the estate's assets to Stuart in the form of a secured loan knowing that the loan was actually unsecured. He failed to cooperate with the successor fiduciary of the Sorensen estate CT Page 3 after he had been removed as executor by the probate court, and failed to send her original documents as requested. The respondent paid portions of his own fees by drawing checks on banks, which appears bizarre at best, and subsequently felt obliged to repay the estate for excessive fees but never actually repaid more than $1,000. The court finds that the respondent's record keeping regarding the estate's assets and his fees was deficient and in violation of Rule 1.15(a) of the Rules of Professional Conduct and that his other actions and omissions while acting as attorney for the Sorensen estate violated Rule 8.4.
As to what degree of attorney discipline is warranted, the court is guided by the principal outlined in Statewide Grievance Committee v. Botwick, supra, 307, to the effect that a court is not "to mete out punishment to an offender, but [so act] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." (Internal quotation marks and citations omitted.) Having given the matter a good deal of thought, I have concluded that a mere reprimand will not suffice under the circumstances, and that a long-term suspension or disbarment would be too severe. Accordingly, and pursuant to Practice Book 29, Attorney Bieluch is suspended from the practice of law for one month, from February 1, 1994 to and including February 28, 1994, and his counsel, Attorney Peter M. Ryan, of Darien, is appointed to protect the interests of the respondent and his clients during the period of suspension.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of January, 1994.
William B. Lewis, Judge